# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IMMERSION CORPORATION, a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> MOTOROLA MOBILITY HOLDINGS, INC., a Delaware Corporation, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  Civil Action No. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Immersion Corporation ("Immersion") brings this action against Motorola Mobility Holdings, Inc. ("Motorola"), and alleges as follows:

### PARTIES

1. Immersion is a Delaware Corporation with its principal place of business located at 30 Rio Robles, San Jose, California 95134. Immersion is the owner of the intellectual property rights at issue in this action.

2. Immersion is a developer of haptic feedback systems and software products. Immersion develops products for the mobile electronic device industry, including creating software for implementing advanced haptic effects on cellular phones, smartphones, and handheld computers.

3. Motorola is a corporation organized and existing under the laws of the State of Delaware. On information and belief, Motorola maintains its principal place of business at 600 N. U.S. Highway 45,

Libertyville, Illinois.  Motorola may be served via its registered agent, The Corporation Trust Company, 1201 Orange Street, Wilmington, Delaware 19801.

4. On information and belief, Motorola unlawfully manufactures, markets, and/or sells infringing mobile electronic devices incorporating haptic feedback technology outside the United States, and then imports such products into the United States and offers them for sale and sells them in the United States.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including but not limited to 35 U.S.C. § 271.

6. This Court has subject-matter jurisdiction over this controversy under 28 U.S.C. §§ 1331 and 1338(a).

7. Motorola is incorporated in this judicial district and has sufficient contacts with this district to subject itself to the jurisdiction of this Court.

8. Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## HAPTIC FEEDBACK TECHNOLOGY

9. Haptic feedback technology ("haptics") provides touch or tactile sensations to users of electronic applications.

10. Haptic feedback effects may include tactile sensations produced by an actuator, such as a motor, a linear resonant actuator, or a piezoelectric actuator in an electronic device. Haptics is integrated into many mobile electronic devices, including many cellular phones, smartphones, and handheld computers.

11. In mobile electronic devices such as smartphones and tablet computers, haptic feedback technology is integrated into the applications and user interfaces.  Applications running on a mobile electronic device implement the haptic effects the application designer wants the

user to experience when using the application by causing specific haptic effect commands to be sent to an actuator in the electronic device, resulting in the associated haptic feedback effect.

12. A basic application using haptic feedback technology may provide confirmation that a user has pressed a virtual key or selected an icon in a graphical user interface, such as the touchscreen of a smartphone or handheld computer. When the key or icon is touched the user feels a vibration or pulse.

13. More sophisticated applications may provide a variety of tactile sensations. For example, a user action may trigger different haptic effects and thus communicate different types of information. This could be conveyed by varying the duration, intensity, or frequency of the tactile sensation. This enables a user to easily distinguish, for example, a calendar alert from a text message alert, or an incoming call.

14. Haptic feedback is especially useful in electronic devices containing touchscreens, which tend to have primarily virtual buttons to control the device and very few physical buttons. Vibrations restore a mechanical feel to electronic devices, immediately reassuring a user that they have successfully engaged a virtual button and improving the interface for consumers.

15. Smartphones and tablet computers incorporate haptics into many of the common device features.

**THE ASSERTED PATENTS**

16. Immersion owns, by assignment, all title, right, and interest in and to United States Patent No. 6,429,846, entitled "Haptic Feedback for Touchpads and Other Touch Controls," which was duly and legally issued on August 6, 2002. A copy of the '846 patent is attached as Exhibit A.

17. Immersion owns, by assignment, all title, right, and interest in and to United States Patent No. 7,592,999, entitled "Haptic Feedback for Touchpads and Other Touch Controls," which was duly and legally issued on September 22, 2009. A copy of the '999 patent is attached as Exhibit B.

18. Immersion owns, by assignment, all title, right, and interest in and to United States Patent No. 7,969,288, entitled "Force Feedback System Including Multi-Tasking Graphical Host Environment and Interface Device," which was duly and legally issued on April 15, 1998. A copy of the '288 patent is attached as Exhibit C.

19. Immersion owns, by assignment, all title, right, and interest in and to United States Patent No. 7,982,720, entitled "Haptic Feedback for Touchpads and Other Touch Controls," which was duly and legally issued on July 19, 2011. A copy of the '720 patent is attached as Exhibit D.

20. Immersion owns, by assignment, all title, right, and interest in and to United States Patent No. 8,031,181, entitled "Haptic Feedback for Touchpads and Other Touch Controls," which was duly and legally issued on October 4, 2011. A copy of the '181 patent is attached as Exhibit E.

21. Immersion owns, by assignment, all title, right, and interest in and to United States Patent No. 8,059,105, entitled "Haptic Feedback for Touchpads and Other Touch Controls," which was duly and legally issued on November 15, 2011. A copy of the '105 patent is attached as Exhibit F.

## CLAIMS FOR RELIEF

### CLAIM 1 – INFRINGEMENT OF THE '846 PATENT

22.     Immersion repeats and realleges each and every allegation above with the same force and effect as if here set forth in full.

23.     On information and belief, Motorola has infringed and continues to infringe; has induced and continues to induce others to infringe; and/or has committed and continues to commit acts of contributory infringement of, one or more of the claims of the '846 patent. Motorola's infringing activities in the United States and this District include the development, manufacture, use, importation, sale, and/or offer for sale of products, including but not limited to Motorola Droid Razr, Droid 3, Droid Bionic, Photon, Droid X2, Atrix, Atrix 2, Admiral, and Xprt, and contributing to and inducing others to do the same.  Motorola provides directions, instruction manuals, guides, and/or other materials that instruct and encourage the purchaser of an accused device to use the device in a manner that infringes certain claims of the '846 patent. Immersion placed Motorola on notice of its infringing activities on or before August 31, 2011. Motorola's infringing activities violate 35 U.S.C. § 271.

24.     On information and belief, Motorola's infringement has been, and continues to be, willful and deliberate, and has caused substantial damage to Immersion.

25.     On information and belief, Motorola's infringement in violation of the federal patent laws will continue to injure Immersion unless otherwise enjoined by this Court.

### CLAIM 2 – INFRINGEMENT OF THE '999 PATENT

26.     Immersion repeats and realleges each and every allegation above with the same force and effect as if here set forth in full.

27. On information and belief, Motorola has infringed and continues to infringe; has induced and continues to induce others to infringe; and/or has committed and continues to commit acts of contributory infringement of, one or more of the claims of the '999 patent. Motorola's infringing activities in the United States and this District include the development, manufacture, use, importation, sale, and/or offer for sale of products, including but not limited to Motorola Droid Razr, Droid 3, Droid Bionic, Photon, Droid X2, Atrix, Atrix 2, Admiral, and Xprt, and contributing to and inducing others to do the same. Motorola provides directions, instruction manuals, guides, and/or other materials that instruct and encourage the purchaser of an accused device to use the device in a manner that infringes certain claims of the '999 patent. Immersion placed Motorola on notice of its infringing activities on or before January 18, 2012. Motorola's infringing activities violate 35 U.S.C. § 271.

28. On information and belief, Motorola's infringement has been, and continues to be, willful and deliberate, and has caused substantial damage to Immersion.

29. On information and belief, Motorola's infringement in violation of the federal patent laws will continue to injure Immersion unless otherwise enjoined by this Court.

**CLAIM 3 – INFRINGEMENT OF THE '288 PATENT**

30. Immersion repeats and realleges each and every allegation above with the same force and effect as if here set forth in full.

31. On information and belief, Motorola has infringed and continues to infringe; has induced and continues to induce others to infringe; and/or has committed and continues to commit acts of contributory infringement of, one or more of the claims of the '288 patent. Motorola's infringing activities in the United States and this District include the development, manufacture, use, importation, sale, and/or offer for sale of products, including but not limited to

Motorola Droid Razr, Droid 3, Droid Bionic, Photon, Droid X2, Atrix, Atrix 2, Admiral, and Xprt, and contributing to and inducing others to do the same. Motorola provides directions, instruction manuals, guides, and/or other materials that instruct and encourage the purchaser of an accused device to use the device in a manner that infringes certain claims of the '288 patent. Immersion placed Motorola on notice of its infringing activities on or before August 31, 2011. Motorola's infringing activities violate 35 U.S.C. § 271.

32. On information and belief, Motorola's infringement has been, and continues to be, willful and deliberate, and has caused substantial damage to Immersion.

33. On information and belief, Motorola's infringement in violation of the federal patent laws will continue to injure Immersion unless otherwise enjoined by this Court.

## CLAIM 4 – INFRINGEMENT OF THE '720 PATENT

34. Immersion repeats and realleges each and every allegation above with the same force and effect as if here set forth in full.

35. On information and belief, Motorola has infringed and continues to infringe; has induced and continues to induce others to infringe; and/or has committed and continues to commit acts of contributory infringement of, one or more of the claims of the '720 patent. Motorola's infringing activities in the United States and this District include the development, manufacture, use, importation, sale, and/or offer for sale of products, including but not limited to Motorola Droid Razr, Droid 3, Droid Bionic, Photon, Droid X2, Atrix, Atrix 2, Admiral, and Xprt, and contributing to and inducing others to do the same. Motorola provides directions, instruction manuals, guides, and/or other materials that instruct and encourage the purchaser of an accused device to use the device in a manner that infringes certain claims of the '720 patent.

Immersion placed Motorola on notice of its infringing activities on or before August 31, 2011. Motorola's infringing activities violate 35 U.S.C. § 271.

36. On information and belief, Motorola's infringement has been, and continues to be, willful and deliberate, and has caused substantial damage to Immersion.

37. On information and belief, Motorola's infringement in violation of the federal patent laws will continue to injure Immersion unless otherwise enjoined by this Court.

### CLAIM 5 – INFRINGEMENT OF THE '181 PATENT

38. Immersion repeats and realleges each and every allegation above with the same force and effect as if here set forth in full.

39. On information and belief, Motorola has infringed and continues to infringe; has induced and continues to induce others to infringe; and/or has committed and continues to commit acts of contributory infringement of, one or more of the claims of the '181 patent. Motorola's infringing activities in the United States and this District include the development, manufacture, use, importation, sale, and/or offer for sale of products, including but not limited to Motorola Droid Razr, Droid 3, Droid Bionic, Photon, Droid X2, Atrix, Atrix 2, Admiral, and Xprt, and contributing to and inducing others to do the same. Motorola provides directions, instruction manuals, guides, and/or other materials that instruct and encourage the purchaser of an accused device to use the device in a manner that infringes certain claims of the '181 patent. Immersion placed Motorola on notice of its infringing activities on or before January 18, 2012. Motorola's infringing activities violate 35 U.S.C. § 271.

40. On information and belief, Motorola's infringement has been, and continues to be, willful and deliberate, and has caused substantial damage to Immersion.

41. On information and belief, Motorola's infringement in violation of the federal patent laws will continue to injure Immersion unless otherwise enjoined by this Court.

### CLAIM 6 – INFRINGEMENT OF THE '105 PATENT

42. Immersion repeats and realleges each and every allegation above with the same force and effect as if here set forth in full.

43. On information and belief, Motorola has infringed and continues to infringe; has induced and continues to induce others to infringe; and/or has committed and continues to commit acts of contributory infringement of, one or more of the claims of the '105 patent. Motorola's infringing activities in the United States and this District include the development, manufacture, use, importation, sale, and/or offer for sale of products, including but not limited to Motorola Droid Razr, Droid 3, Droid Bionic, Photon, Droid X2, Atrix, Atrix 2, Admiral, and Xprt, and contributing to and inducing others to do the same. Motorola provides directions, instruction manuals, guides, and/or other materials that instruct and encourage the purchaser of an accused device to use the device in a manner that infringes certain claims of the '105 patent. Immersion placed Motorola on notice of its infringing activities on or before January 18, 2012. Motorola's infringing activities violate 35 U.S.C. § 271.

44. On information and belief, Motorola's infringement has been, and continues to be, willful and deliberate, and has caused substantial damage to Immersion.

45. On information and belief, Motorola's infringement in violation of the federal patent laws will continue to injure Immersion unless otherwise enjoined by this Court.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray as follows:

A. That the Court render judgment declaring that Motorola has infringed, induced the

infringement of, and contributorily infringed the '846 patent, the '999 patent, the '288 patent, the '720 patent, the '181 patent, and '105 patent in violation of 35 U.S.C. § 271;

  B. That the Court render judgment declaring Motorola's infringement of the '846 patent, the '999 patent, the '288 patent, the '720 patent, the '181 patent, and '105 patent willful and deliberate;

  C. That Immersion be awarded damages adequate to compensate Immersion for Motorola's infringement of the '846 patent, the '999 patent, the '288 patent, the '720 patent, the '181 patent, and '105 patent;

  D. That Immersion be awarded prejudgment interest on all damages awarded;

  E. That the Court temporarily, preliminarily and permanently enjoin Motorola, its successors, assigns, subsidiaries and transferees, and its officers, directors, agents, employees, as follows:

1. from selling or offering to sell any product falling within the scope of the claims of the '846 patent, the '999 patent, the '288 patent, the '720 patent, the '181 patent, and '105 patent including but not limited to Motorola Droid Razr, Droid 3, Droid Bionic, Photon, Droid X2, Atrix, Atrix 2, Admiral, and Xprt;

2. from importing any product into the United States which falls within the scope of the claims of the '846 patent, the '999 patent, the '288 patent, the '720 patent, the '181 patent, and '105 patent;

3. from manufacturing any product falling within the scope of the claims of the '846 patent, the '999 patent, the '288 patent, the '720 patent, the '181 patent, and '105 patent;

4. from using any product or method falling within the scope of any of the claims of

       the '846 patent, the '999 patent, the '288 patent, the '720 patent, the '181 patent, and '105 patent;

    5. from actively inducing others to infringe any of the claims of the '846 patent, the '999 patent, the '288 patent, the '720 patent, the '181 patent, and '105 patent;

    6. from engaging in acts constituting contributory infringement of any of the claims of the '846 patent, the '999 patent, the '288 patent, the '720 patent, the '181 patent, and '105 patent; and

    7. from all other acts of infringement of any of the claims of the '846 patent, the '999 patent, the '288 patent, the '720 patent, the '181 patent, and '105 patent;

    F.    That the Court award treble damages to Immersion for the unlawful practices described in this Complaint;

    G.    That the Court enter judgment against Motorola for the maximum penalties determined by the Court to be just and proper;

    H.    That the Court render judgment declaring this to be an exceptional case;

    I.    That Immersion be awarded its costs of suit, including reasonable attorneys' fees.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand trial by jury of all issues so triable under the law as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

| | |
|---|---|
| February 7, 2012 | BAYARD, P.A. |
| | */s/ Richard D. Kirk* |
| | Richard D. Kirk (rk0922) |
| | Stephen B. Brauerman (sb4952) |
| OF COUNSEL: | 222 Delaware Avenue, Suite 900 |
| | Wilmington, DE  19801 |
| Bryan Wilson | (302) 655-5000 |
| Marc Peters | rkirk@bayardlaw.com |
| Michael Kryston | sbrauerman@bayardlaw.com |
| MORRISON & FOERSTER LLP | |
| 755 Page Mill Road | ***Attorneys for Plaintiff*** |
| Palo Alto, CA  94304 | ***  Immersion Corporation*** |
| Tel:  (650) 813-5700 | |